UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE VANCE POWELL,

    Plaintiff,

    v.                                             CAUSE NO. 3:20-CV-698-JD-MGG

CHARLES BOWEN and CRISTINA
STOBAUGH,

    Defendants.

OPINION AND ORDER

Andre Vance Powell, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Charles Bowen and Cristina Stobaugh in their individual capacities for nominal and punitive damages for retaliating against him on September 24, 2018, by ordering his transfer out of the South Bend Community Re-Entry Center because he filed a grievance on August 13, 2018, and two more on September 20, 2018, in violation of the First Amendment[.]" ECF 30 at 9. Second, Powell is proceeding "against Charles Bowen and Cristina Stobaugh in their individual capacities for nominal and punitive damages for retaliating against him on September 24, 2018, by ordering Correctional Officer Fox to falsify the inventory sheet to steal his food and bottles of lotion because he filed a grievance on August 13, 2018, and two more on September 20, 2018, in violation of the First Amendment[.]" *Id.* at 9-10. Specifically, Powell alleged in his complaint the defendants retaliated against him for filing grievances by (1) transferring him from South Bend Community Re-Entry Center

to Westville Correctional Facility ("WCF") based on false accusations he had stolen from South Bend Community Re-Entry Center, and (2) stealing his property during the transfer by falsifying an inventory sheet. ECF 23 at 8-9. The defendants moved for summary judgment, arguing Powell did not exhaust his administrative remedies before filing suit. ECF 67. Powell filed a response and the defendants filed a reply. ECF 83, 84. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

2

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The defendants argue Powell did not exhaust his available administrative remedies prior to filing this lawsuit because he never submitted any grievance regarding his allegations that the defendants retaliated against him by transferring him to WCF and stealing his property. ECF 68 at 8-9. In his response, Powell raises various arguments that either (1) he exhausted his administrative remedies, (2) his administrative remedies were unavailable, or (3) he should be excused from the exhaustion requirement. Each of Powell's arguments will be addressed in turn.

First, Powell argues he exhausted his administrative remedies because he complained of retaliation by the defendants in three separate grievances: Grievance 103945, Grievance 103990, and a third grievance that was rejected by the grievance office for raising a classification issue. ECF 83-2 at 3-5, 11. However, these three grievances do not relate to Powell's claims in this action because they do not address the defendants' alleged conduct of transferring Powell to WCF and stealing his property. Instead, each of these grievances complain that the defendants retaliated

3

against Powell by changing his work detail, which is outside of the scope of this lawsuit. ECF 76 at 25-29, 43-49. Because these three grievances do not address the specific incidents of retaliation that are the subject of this lawsuit, Powell cannot rely on these grievances to show exhaustion.

Second, Powell argues he exhausted his administrative remedies because he submitted a tort claim regarding the confiscation of his property. ECF 83-2 at 4-5. But a tort claim is not a valid substitute for the Offender Grievance Process. *See Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

Third, Powell argues he was not required to exhaust his administrative remedies because he was no longer in IDOC custody and was being housed in the Elkhart County Jail when he filed suit. ECF 83-2 at 5. However, the PLRA's exhaustion requirement applies to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Because Powell was being held in the Elkhart County Jail when he filed suit, he was subject to the PLRA's exhaustion requirement regardless of whether or not he was in IDOC custody.

Fourth, Powell argues his administrative remedies were unavailable because he was unable to remedy the defendants' false accusations of theft through the prison's grievance or disciplinary processes, as the defendants "did not pursue the accusations through the IDOC Adult Disciplinary Procedure [or] provide him with the pertinent

4

Transfer Report." ECF 83-2 at 6-7. But Powell does not provide any evidence or explanation as to how his inability to remedy the defendants' theft accusations prevented him from submitting a grievance regarding the defendants' alleged conduct of retaliating against him by transferring him to WCF and stealing his property.

Fifth, Powell argues he should be excused from the exhaustion requirement because requiring him to exhaust would be futile, as the grievance process is "obsolete" and the grievance office has not handled his previous grievances in good faith. *Id.* at 7-10. But "there is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see also Dole*, 438 F.3d at 808-809 (holding that exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins.") (citations and quotation marks omitted). Powell also argues requiring him to exhaust his remedies would cause him irreparable harm because he is no longer in IDOC custody and outside of the statute of limitations to file suit. ECF 83-2 at 7-10. But the court has no authority to grant Powell an exception to the PLRA's grievance requirement based on these circumstances. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (the statutory exhaustion requirement in the PLRA is mandatory, and the court lacks authority to excuse a prisoner from the exhaustion requirement to account for special circumstances).

Sixth, Powell argues he qualifies for equitable estoppel of the exhaustion requirement because the defendants did not "fully notify" him of the "disciplinary" pretext for his transfer. *Id.* at 11-12. The Seventh Circuit has not decided whether or not

5

equitable estoppel applies to the PLRA exhaustion requirement. Regardless, the issue need not be decided here because Powell cannot satisfy the requirements for equitable estoppel. Specifically, when asserting equitable estoppel against the government, the party asserting equitable estoppel must prove "affirmative misconduct." *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Affirmative misconduct "requires an affirmative act to misrepresent or mislead . . . [and] a government's failure to discharge an 'affirmative obligation' is not the same as engaging in 'affirmative misconduct.'" *Id*. Accordingly, a mere "omission" does not qualify as affirmative misconduct. *Id.* Here, Powell alleges only that the defendants failed to "fully notify" him of the disciplinary pretext for his transfer, and does not allege any affirmative misconduct by the government to misrepresent the basis of his transfer. Accordingly, Powell is not entitled to equitable estoppel of the PLRA's exhaustion requirement.

Accordingly, the defendants have provided undisputed evidence that Powell did not submit any grievance regarding his allegations in this case that the defendants retaliated against him by transferring him to WCF and stealing his property. Powell has provided no evidence he exhausted these claims, his administrative remedies were unavailable, or his failure to exhaust should be excused. Thus, the defendants have met their burden to show Powell did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment must be granted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 67); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Andre Vance Powell and to close this case.

SO ORDERED on July 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT